IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEBBIE HARPER,

    Plaintiff,

v.                              Civil Action No. 5:17CV12
                                    (STAMP)
UNITED STATES POSTAL SERVICE
and UNITED STATES OF AMERICA,

    Defendants,

and

DEBORAH L. HARPER,

    Plaintiff,

v.                              Civil Action No. 5:17CV156
                                  (STAMP)
HILER BUFFALO, LLC

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT HILER BUFFALO, LLC'S
MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT
CROSSCLAIM AGAINST UNITED STATES OF AMERICA**

This is a Federal Tort Claims Act ("FTCA") case arising out of a fall at the United States Post Office in Chester, West Virginia ("the Post Office"). The plaintiff, Deborah L. Harper, filed this action under the FTCA against the United States of America and the United States Postal Service. Plaintiff originally filed her complaint against Hiler Buffalo, LLC ("Hiler Buffalo") on or about August 29, 2016 in the Circuit Court of Hancock County, West Virginia in Civil Action No. 16-C-101. After discussion and agreement by the plaintiff and defendant Hiler Buffalo, a notice of removal and stipulation regarding removal were filed to remove the

state court matter to the United States District Court for the Northern District of West Virginia. Additionally, a joint motion to consolidate the removed matter with the matter pending against the United States (Civil Action No. 5:17CV156) was filed. This Court entered and order granting the joint motion to consolidate. ECF No. 20.

Now pending before the Court is defendant Hiler Buffalo's motion for leave to amend its answer to assert a crossclaim against defendant United States of America pursuant to Federal Rule of Civil Procedure Rule 15 (ECF No. 27). Defendant Hiler Buffalo's motion is fully briefed and ripe for decision. For the following reasons, defendant Hiler Buffalo's motion (ECF No. 27) is denied.

I. Background

On April 5, 2018, defendant Hiler Buffalo filed a motion for leave to amend its answer to assert a crossclaim against defendant United States of America pursuant to Federal Rule of Civil Procedure Rule 15. ECF No. 27. In support, Hiler Buffalo asserts that no improper motive is asserted by defendant Hiler Buffalo as "[t]he facts of this case demonstrate that the United States of America, as the lessee and possessor of the real property where plaintiff's alleged fall occurred, may be the party responsible for any defect, knowledge of any defect or report of any defect." Id. at 2. Additionally, Hiler Buffalo asserts that "the United States of America may be the party liable for any injuries asserted by plaintiff." Id. Defendant asserts that "[t]he cross-claim

2

proffered pursuant to this Motion is an attempt to resolve all issues of fact and law in a single proceeding and avoid unnecessary and duplicitous litigation. If it is determined that the United States of America is the liable party, Hiler Buffalo, LLC will be entitled to express and implied indemnification and/or contribution." Id. at 3. Hiler Buffalo states that the failure to address all of these issues in a single litigation will result in the filing of an additional action by Hiler Buffalo, LLC to preserve and protect its rights of indemnification and contribution. Id. Hiler Buffalo argues that there is no undue delay or prejudice, this addition of a crossclaim does not alter the facts or course of this litigation, this motion is filed timely under the Court's scheduling order, and that the United States will not suffer any prejudice as there is no additional discovery or litigation activity necessary to address the claims for indemnification and contribution. Id. Hiler Buffalo attached a proposed order and proposed amended answer to its motion.

Defendant United States of America filed a response in opposition (ECF No. 28) and asserts that Hiler Buffalo's motion is "untimely" as it was filed two days after the deadline set by this Court. ECF No. 28 at 2. The United States also asserts that Hiler Buffalo's amended answer "would be futile for two reasons: the claim is not yet ripe, and, even more importantly, this Court lacks subject matter jurisdiction to hear Hiler Buffalo LLC's cross claim." ECF No. 28 at 3. The United States asserts that the

defendant's proposed crossclaim is not ripe for adjudication, stating that "Hiler Buffalo's apparent sole claim against the United States is contingent upon a future event that may never occur."  Id.  Moreover, the United States asserts that "[e]ven if Hiler Buffalo LLC's cross-claim were ripe, this Court lacks subject matter jurisdiction to hear that claim" in that "Hiler Buffalo, LLC's cross-claim is based upon any dispute arising under or relating to the lease between the United States Postal Service and Hiler Buffalo, LLC, that contract is subject to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 7101 et seq."  Id. at 5.  The United States asserts that "the CDA provides the exclusive method for resolution of any dispute relating to a government contract and district courts possess no jurisdiction in these cases.  28 U.S.C. § 1346(a)(2)."  Id.  Therefore, the United States asserts that "Hiler Buffalo LLC's cross-claim must be dismissed for lack of subject matter jurisdiction, as disputes arising under and relating to the lease brought by a government contractor are in the exclusive jurisdiction of the Board of Contract Appeals or the United States Court of Federal Claims, and this Court lacks jurisdiction to hear this claim."  Id. at 6.  Lastly, the United States argues that to the extent Hiler Buffalo's crossclaim alleges that the United States should be liable for the negligence of Hiler Buffalo, the United States has not waived sovereign immunity for acts of an independent contractor.  Id.

Hiler Buffalo filed a reply (ECF No. 29) to the response in opposition and asserts that its motion was timely filed. In support, Hiler Buffalo explains that as a result the motion being filed under the original federal case number for the claims of the plaintiff against Hiler Buffalo, LLC (Civil Action No. 5:17-CV-00156), on April 5, 2018 such filing was placed in the consolidated case and forwarded to the co-defendant the United States. ECF No. 29 at 2. Further, Hiler Buffalo argues that, under Rule 13, "[t]he adjudication of a cross-claim asserting claims for indemnification and contribution should be decided in the case in chief to preserve judicial resources and economy" in that "[i]n the present matter, the claims asserted for indemnification and contribution are based on and arise under the same facts, occurrences, legal theories and circumstances as set forth in plaintiff's complaint." Id. at 2-3. Hiler Buffalo also argues that the crossclaim proffered is based on state tort law concepts of joint and several liability, indemnification and contribution and therefore, the United States of America's argument that the crossclaim of Hiler Buffalo is a contract claim and therefore should be adjudicated in Agency Board of Contract Appeals or the Federal Court of Claims is inaccurate. Id. at 5. Hiler Buffalo maintains that it has asserted in its proposed crossclaim, that the United States may be liable to it for damages assessed against Hiler Buffalo that were occasioned or attributable to the negligence of the United States, and that such a claim is

permissible under West Virginia law as it has not sought to argue any contract issue or claim.  Id. at 7.  Hiler Buffalo states that since this is a negligence based tort claim and crossclaim, the Federal Tort Claims Act applies and this Court has proper jurisdiction under 28 U.S.C.A. § 1346, and therefore, the Contract Disputes Act is inapplicable and the cross-claims are properly before this Court.  Id.  Lastly, Hiler Buffalo states that it "seeks to protect its interest and to preserve its defenses to the claims of the plaintiff" and that to the extent that Hiler Buffalo is assessed liability based on the negligence of the United States, the United States should be held accountable for such negligence and Hiler Buffalo is entitled to indemnification and contribution for any apportionment or percentage of liability attributable to the United States.  Id. at 7.

## II.  Applicable Law

Rule 15(a) of the Federal Rules of Civil Procedure grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

The United States Court of Appeals for the Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006); see also Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). An amendment is futile if the amended claim would fail to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995)(citing Glick v. Koenig, 766 F.2d 265, 268–69 (7th Cir. 1985) (if amended complaint could not withstand motion to dismiss, motion to amend should be denied as futile)).

### III. Discussion

This Court has reviewed defendant Hiler Buffalo's fully briefed motion for leave to amend its answer to assert a crossclaim against defendant United States of America (ECF No. 27) and the arguments asserted by the parties. For the reasons set for below, the motion is denied.

The United States raises two arguments in opposition to Hiler Buffalo's motion: (1) the motion was untimely filed; and (2) the amendment is futile as the claim is not yet ripe and this Court lacks subject matter jurisdiction to hear Hiler Buffalo's

crossclaim. ECF No. 28. These arguments are addressed, in turn, below.

First, this Court finds that Hiler Buffalo's motion for leave to amend its answer to assert a crossclaim was timely filed. Previously, this Court approved the parties' jointly proposed order (ECF No. 32-1) and entered an amended scheduling order in this civil action (ECF No. 33). The operable scheduling order in this civil action states that "[m]otions to join additional parties, motions to amend pleadings, and any crossclaim or counterclaim, as well as any similar motions, shall be filed on or before <u>July 3, 2018</u>." ECF No. 33 at 4-5 (emphasis in original). Thus, this Court finds that the motion was timely filed.

Second, this Court finds that Hiler Buffalo's proposed amended answer would be futile as this Court does not have subject matter jurisdiction over the proposed crossclaim. Although this Court cannot decide a claim that is not ripe for adjudication, this Court does not find that "ripeness" is an issue. Hiler Buffalo's asserted claims for express indemnification, implied indemnification, and contribution are "pleadable, litigable claim[s]" which may be tendered, under Federal Rule of Civil Procedure Rule 13(g), "in a pending action in which the primary liability is being adjudicated." <u>Goldring v. Ashland Oil & Ref. Co.</u>, 59 F.R.D. 487, 490 (N.D. W. Va. 1973) (citing <u>Atlantic Aviation Corp. v. Estate of Costas</u>, 332 F. Supp. 1002, 1007 (E.D.N.Y. 1971)).

However, this Court does find that defendant Hiler Buffalo's proposed amended answer is futile in that this Court does not have subject matter jurisdiction over the proposed crossclaim to be asserted against the United States. As the United States asserts, the Contract Disputes Act[1] provides the exclusive method for resolution of any dispute relating to a government contract and district courts possess no jurisdiction in these cases. 28 U.S.C. § 1346(a)(2).[2] This Court notes that the lease agreement (ECF No. 28-1) between Hiler Buffalo and the United States specifically provides that "[t]his Contract is subject to the Contract Disputes Act of 1978" and that "all disputes arising under or relating to this contract must be resolved under this clause." ECF No. 28-1 at 7. "The Contract Disputes Act [also "CDA"] is a comprehensive statutory scheme for resolving contractual conflicts between the United States and government contractors." United States v. J. & E. Salvage Co., 55 F.3d 985, 987 (4th Cir. 1995). Thus, the resolution of defendant Hiler Buffalo's proposed asserted crossclaim must be adjudicated in Agency Board of Contract Appeals or the Federal Court of Claims.

---

[1] 41 U.S.C. §§ 7101-7109.

[2] [T]he district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

Hiler Buffalo argues, however, that it "has not asserted a contract claim" but rather, "seeks to protect its interest as an alleged joint tortfeasor in this litigation." ECF No. 29 at 6. In considering this argument, this Court finds that the instant case falls squarely within <u>Boggs v. Cintas Corp. No. 2</u>, 2012 WL 1189915 (S.D. W. Va. Apr. 9, 2012). In <u>Boggs</u>, the plaintiff suffered injuries resulting from a trip and fall caused by a floor mat at the United States Post Office in Clendenin, West Virginia. <u>Id.</u> at 1. The floor mat was delivered to the post office by Cintas, the company that provided floor mats to the Clendenin Post Office pursuant to a contract with the United States Postal Service. <u>Id.</u> In <u>Boggs</u>, the United States contended that "the court must dismiss the third-party complaint inasmuch as Cintas' third-party claims of contribution and indemnity are subject to the Contract Disputes Act of 1978 [] and thus confined to the exclusive jurisdiction of the Agency Board of Contract Appeals or United States Court of Federal Claims." <u>Id.</u> at 5. The Court in <u>Boggs</u> considered whether, by agreeing to the contract containing express language subjecting the contract to the Contract Disputes Act, the defendant Cintas submitted to the exclusive jurisdiction of the Contract Disputes Act for "all disputes arising under or relating to" the contract. <u>Id.</u> at 6. The Court ultimately found that Cintas' third-party claims constituted disputes "arising under or related to" the underlying contract, and that such claims are subject to the Contract Disputes Act and the exclusive jurisdiction of the Agency

10

Board of Contract Appeals or the United States Court of Federal Claims.  Id.

Here, this Court finds the facts of Boggs to be applicable and the Court's reasoning to be persuasive.  This Court finds that Hiler Buffalo's proposed crossclaim against the United States is premised upon claims which arise under and are related to the underlying contract, and that such claims are subject to the Contract Disputes Act and the exclusive jurisdiction of the Agency Board of Contract Appeals or the United States Court of Federal Claims.

Lastly, this Court notes that the FTCA, by its own terms, applies only to the acts of federal employees and explicitly excludes the possibility of federal government liability for the acts of independent government contractors, and that the United States has not waived sovereign immunity.  See Berkman v. United States, 957 F.2d 108, 111 (4th Cir. 1992).

## IV. Conclusion

For the reasons set forth above, defendant Hiler Buffalo's motion for leave to amend its answer to assert a crossclaim against defendant the United States of America (ECF No. 27) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein.

DATED: May 22, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE