IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEBBIE HARPER,

       Plaintiff,

v.                                      Civil Action No. 5:17CV12
                                                   (STAMP)
UNITED STATES POSTAL SERVICE
and UNITED STATES OF AMERICA,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT UNITED STATES OF AMERICA'S
## MOTION FOR SUMMARY JUDGMENT

### I. Background

This is a Federal Tort Claims Act ("FTCA") case arising out of a fall at the United States Post Office in Chester, West Virginia ("the Post Office"). The plaintiff, Debbie Harper ("Harper"), filed this action under the FTCA against the United States of America and the United States Postal Service ("Postal Service"). ECF No. 1. Plaintiff and defendant Hiler Buffalo, LLC, by their respective counsel, filed a joint motion to consolidate Harper v. Hiler Buffalo, LLC, Civil Action No. 5:17CV156, with the above-styled action, Harper v. United States Postal Service, et al., Civil Action No. 5:17CV12, pursuant to Rule 42 of the Federal Rules of Civil Procedure. This Court entered an order granting the parties' joint motion to consolidate. ECF No. 20.

At this time, following this Court's order granting the Postal Service's motion to dismiss (ECF No. 7) and order of dismissal following the parties' compromise and settlement in the related

civil action against defendant Hiler Buffalo, LLC ("Hiler Buffalo") (ECF No. 18 in Civil Action 5:17CV156), only the plaintiff's claims against defendant United States of America remain.

Now pending before the Court is defendant United States of America's motion for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56 (ECF No. 51). Plaintiff filed a response to defendant's motion for summary judgment (ECF No. 63) and defendant filed its reply to plaintiff's response (ECF No. 64). Defendant's motion for summary judgment is now fully briefed and ripe for decision.

For the reasons that follow, defendant United States of America's motion for summary judgment (ECF No. 51) is granted.

II. <u>Facts</u>

Plaintiff's injury occurred inside the United States Post Office in Chester, West Virginia, which was owned and operated by Hiler Buffalo and leased to defendant United States of America to conduct business of providing postal services. Plaintiff alleges she was walking up the interior steps when she fell and suffered physical injury as a result of crashing through a glass wall. ECF No. 1 at 2. The glass wall was located at the top of the stairs adjacent to the door at the entrance of the Post Office lobby. ECF No. 52-1 at 45. Harper cannot explain how she fell or recall the details of the incident, but alleges in the complaint that "she was flung through the glass wall due to the unsafe condition of the interior steps handrail." ECF No. 52 at 2; ECF No. 1 at 2.

III. Contentions of the Parties

Defendant United States of America filed a motion for summary judgment (ECF No. 51) and memorandum in support (ECF No. 52) and asserts that plaintiff offers nothing but her own unsupported speculation to explain how she was injured or how the actions or omissions of any federal government actor caused her injury. ECF No. 52 at 2-3. Further, defendant argues that plaintiff has not and cannot establish that the United States of America had any duty to repair or replace the handrail or the glass panel at the Post Office. Id. at 4. Therefore, the defendant contends, plaintiff has not identified and cannot establish any genuine factual dispute, except by relying on unfounded conjecture. Id. at 6. Ultimately, defendant asserts that plaintiff has not and cannot establish various essential elements necessary to support a negligence claim against the United States of America, particularly under the narrowly tailored FTCA exception to the general rule that the United States cannot be sued and, therefore, any disputed facts are fundamentally immaterial. Id. at 5. Accordingly, defendant United States requests that this Court grant summary judgment in its favor.

Plaintiff filed a response in opposition to defendant's motion (ECF No. 63). In applying the factors used to determine whether a defendant in a premises liability case met his or her burden of reasonable care under the circumstances to all non-trespassing entrants, as cited in Dillon v. United States, No. 5:12-CV-09314,

2015 WL 2145116 (S.D. W. Va. May 7, 2015) (citing Syl. pt. 6, Mallet v. Pickens, 522 S.E.2d 436 (W. Va. 1999)), plaintiff contends that defendant United States of America, breached its duty of reasonable care under the circumstances. Id. at 1. Plaintiff contends that this Court should deny defendant's motion for summary judgment and "permit the trier of fact to determine at trial the applicable standard of care and whether the defendant USA has met its burden of reasonable care to business invitees such as the plaintiff." ECF No. 63 at 6.

Defendant United States filed a reply to plaintiff's response in opposition to its motion for summary judgment (ECF No. 64) and asserts that plaintiff cannot establish essential elements necessary to support a viable negligence claim. Defendant contends that plaintiff has "abandoned her original theory that a faulty handrail flung her up a stairway and propelled her into a glass panel" and asserts that plaintiff's "newly formulated theory that the United States of America had an independent duty to replace the glass panel with safety glass is not justiciable pursuant to the FTCA." ECF No. 64 at 1, 3. Further, defendant contends that "Harper never administratively alleged that the United States of America had any independent obligation to replace the glass panel with safety glass," and "[b]ecause Harper did not properly present this allegation in the required administrative claim, this court lacks subject matter jurisdiction to address this theory." Id. at 4. Moreover, defendant asserts that "[e]ven if Harper had

properly presented her allegation in the required administrative claim, the FTCA discretionary function exception bars Harper's claim that the United States had a duty to replace the glass panel with safety glass." Id. at 5. Lastly, defendant maintains that Harper cannot support her alleged negligence claim against the United States and renews its request for summary judgment in its favor.

IV. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for

5

summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) ("Summary judgment 'should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.'" (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

V. <u>Discussion</u>

Following its review of the defendant United States of America's fully briefed motion for summary judgment and the memoranda and exhibits submitted by the parties, and for the reasons set forth below, this Court finds that plaintiff cannot prevail on her claim against the United States because she did not properly pursue her allegation regarding the glass panel through an administrative claim and, further, cannot establish essential elements necessary to support her negligence claim against the United States.

As an initial matter, this Court notes that plaintiff has apparently abandoned her theory regarding the faulty handrail and, instead, alleges that the United States had an independent obligation to replace the glass panel with safety glass. ECF No. 63.

First, this Court finds that although Harper did file an administrative claim to the United States Postal Service, Harper never alleged that the United States of America had an independent obligation or duty to replace the glass panel with safety glass. <u>See</u> ECF No. 64-1 at 4. Instead, consistent with her complaint in this case, Harper alleged that a handrail banister flung her up a stairway and propelled her into the glass panel. <u>Id.</u> Plaintiff never presented her theory that the United States of America had a duty to replace the glass panel with safety glass to the United States Postal Service for administrative adjudication. <u>Id.</u>

7

Therefore, pursuant to the FTCA and jurisdictional procedural prerequisites, this Court lacks subject matter jurisdiction to address Harper's claim regarding the glass panel as it was not administratively presented to the relevant federal agency. 28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a); see also Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

However, even if plaintiff has not abandoned her original theory regarding the faulty handrail as alleged in her complaint, this Court finds that plaintiff's claim still fails as she cannot establish the essential elements necessary to establish a viable negligence claim against the defendant United States of America.

Upon review, this Court can identify no federal law, applicable industry standard, or Postal Service policy or protocol which would affirmatively require the defendant United States, through the Post Office, to retroactively replace the existing glass at issue with safety glass. Additionally, this Court notes that defendant United States leases space in the building to operate the Post Office from Hiler Buffalo as the owner of the building. Thus, this Court finds that the defendant United States owed no duty to plaintiff to replace the existing glass which caused plaintiff's injury with safety glass.

Further, this Court notes that the moving party has the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has failed to

prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial. Id. at 322. If the moving party meets this burden, according to the United States Supreme Court, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Here, Harper cannot explain how she fell or discernibly articulate how any federal government actor purportedly harmed her and cannot establish essential elements necessary to support a negligence claim against the United States of America. Harper's own architectural expert reviewed deposition testimony from United States Postal Service employee Sandra Temple ("Temple") and discredited Harper's description of how she fell and concluded that it was more likely that Temple was correct and that Harper had already walked through the door into the customer service lobby where she staggered, tripped over her own feet, and fell backward into the glass panel. ECF No. 52 at 3. Further, Harper concedes that she has no idea how she fell and has no evidence that defendant knew that anything was wrong with the handrail. Id. Accordingly, this Court finds that plaintiff cannot establish essential elements necessary to support a negligence claim against the defendant.

VI. Conclusion

For the reasons set forth above, the United States of America's motion for summary judgment (ECF No. 51) is GRANTED.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 3, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE